**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 09-2271

MAZDA RASASY,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A23-769-293)
Immigration Judge:  Honorable Andrew Arthur

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2010

Before: BARRY, AMBRO and COWEN, Circuit Judges

(filed: May 26, 2010 )

OPINION

PER CURIAM

    Petitioner Mazda Rasasy is a native of Thailand and citizen of Laos who petitions

for review of the Board of Immigration Appeals's ("BIA") final order of removal.  For

the following reasons, we will deny the petition for review.

Rasasy was born to Laotian parents in a refugee camp in Thailand in 1977. He and his family entered the United States as refugees in 1979. In 1981, he adjusted his status to that of Lawful Permanent Resident ("LPR"). Rasasy's mother is a United States citizen, and he has seven siblings, all of whom live in the United States. Rasasy is a non-practicing Mormon and neither he nor his family has been politically active in the United States. His father, who has passed away, aided the United States in the Vietnam War and became a United States citizen in 1999.

In 2003, Rasasy was convicted of Distribution of More than 100 Grams of Actual Methamphetamine in the United States District Court for the Eastern District of Arkansas. He was initially sentenced to 160 months' imprisonment, but in 2005 his sentence was reduced to 90 months' imprisonment. In February 2008, the Department of Homeland Security ("DHS") filed a Notice to Appear charging Rasasy as removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for being convicted of an aggravated felony and for being convicted of an offense relating to the illicit trafficking of a controlled substance, and under 8 U.S.C. § 1227(a)(2)(B)(i), as a person who, at any time after admission, was convicted of a violation of any law or regulation relating to a controlled substance.

Rasasy represented himself at his removal proceedings. He admitted that he had been convicted of the drug charge and that he had been sentenced to 160 months'

imprisonment.[1]  Based on these admissions, the IJ determined that Rasasy was removable

as charged.  Rasasy then filed a motion for relief under the United Nations Convention

Against Torture ("CAT") based on his assertion that he was likely to be tortured if he

returned to Laos because his father had been allied with the United States.

The IJ denied Rasasy's CAT application, finding that he did not submit evidence

supporting his claim that he would be mistreated due to his father's role in the war.  The

IJ considered the 2007 United States Department of State Country Report for Laos, noting

that, by the end of 1999,

> more than 28,900 Hmong and lowland Lao had voluntarily repatriated to Laos, 3,500 from China and the rest from Thailand.  The Office of the United Nations High Commissioner for Refugees monitored returnees for a number of years and reported no evidence of systematic persecution or discrimination of returnees per se.  UNHCR closed its Laos office in the end of 2001.

The IJ also remarked that the Report indicated that returnees "no longer receive[] unusual

attention from officials."  The IJ did acknowledge that at least one official who had

served in the pre-1975 government was imprisoned, and that there were reports of police

and security forces abusing prisoners suspected of association with the ongoing

insurgency.  The IJ further noted that there was no evidence of persecution of Mormons.

---

[1]     Although Rasasy's sentence was reduced to 90 months' imprisonment, this makes no difference to the determination that he was removable as an aggravated felon and ineligible for withholding of removal.  See 8 U.S.C. § 1101(a)(43)(B) (stating that an aggravated felony includes the crime of illicit trafficking in  a controlled substance, including a drug trafficking crime); 8 U.S.C. § 1231(b)(3)(B) (stating that a petitioner is ineligible for withholding of removal if he received a sentence of more than five years for an aggravated felony).

Accordingly, the IJ concluded that the evidence did not demonstrate systematic persecution of returnees to Laos generally or of returnees associated with the prior government.

Rasasy appealed to the BIA, asserting that the IJ incorrectly found that he had been sentenced to 160 months' imprisonment and that the 2007 Country Report actually supported his claim because it indicated that the Laotian government had attacked Hmong insurgents.

The BIA dismissed Rasasy's appeal, finding that the IJ had made no errors of law or fact, and that rather than meaningfully addressing any such findings, Rasasy raised a new claim for CAT protection based on his purported Hmong ethnicity. To the extent that Rasasy sought a remand, the BIA determined that he had not established, as required, his prima facie eligibility for CAT protection as he had submitted no new evidence and his request was supported only by conclusory assertions.

Rasasy now petitions, pro se, for review of the BIA's final order of removal.

II

Because Rasasy conceded his removability and does not challenge his designation as an aggravated felon, our review of the BIA's denial of his claim for relief under the CAT is limited to constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C). Rasasy seems to argue that the BIA made incorrect factual findings regarding the treatment returning Laotians and Hmong because it did not consider the

4

2007 Country Report in its entirety. To the extent that this argument could be read to raise a claim of procedural error, we conclude that the BIA's decision indicates that it fully considered the evidence in the record and "grasped the movant's claims," which is all that is required to demonstrate that it fulfilled its duty to "comprehend[] and address[]" Rasasy's CAT claim. See Sevoian v. Ashcroft, 290 F.3d 166, 177-78 (3d Cir. 2002). Rasasy raises no other constitutional claims or questions of law with respect to the BIA's decision as to the dismissal of his appeal or denial of his motion to remand.

For the foregoing reasons, we deny Rasasy's petition for review.